IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH WHICHARD,** | : | **CIVIL ACTION** |
| *Petitioner pro se* | : | |
| | : | |
| **v.** | : | **NO. 22-4083** |
| | : | |
| **OFFICERS,** *et al.*, | : | |
| *Respondents* | : | |

**O R D E R**

**AND NOW**, this 20th day of May 2024, upon consideration of *pro se* Petitioner Joseph Whichard's ("Petitioner") *petition for writ of habeas corpus under 28 U.S.C. § 2241*, (ECF 2), and Respondents' amended response in opposition thereto, (ECF 22), and, after a careful review of the Report and Recommendation issued by United States Magistrate Judge Pamela A. Carlos, ("the Magistrate Judge"), (ECF 23), to which no objections were filed, it is hereby **ORDERED** that:

(1) The Report and Recommendation is **APPROVED AND ADOPTED**;[1]

---

[1] The following is a brief narrative of the factual history in this matter.  In 2022, Petitioner was arraigned on several charges, including simple assault.  Following his arraignment, he filed several pre-trial motions, including a *pro se* motion to dismiss for lack of jurisdiction.  Before the trial court ruled on any of his motion, Petitioner filed the instant *habeas* petition pursuant to 28 U.S.C. § 2241, challenging his pre-trial detention on the following grounds:  (1) he was never arrested or detained for any criminal charges sworn by a police officer on September 21, 2021; (2) there is no documented complaint or that anyone filed a complaint or pressed charges against him on September 21, 2021; and (3) there is no documented bail for any criminal cases.  Also, before the court ruled on the pretrial motions, Petitioner pled guilty to simple assault and was immediately sentenced to two (2) years of probation.

On April 16, 2024, the Magistrate Judge filed a well-reasoned Report and Recommendation ("R&R") and recommended that the *habeas* petition be dismissed on the grounds that Petitioner failed to exhaust state remedies and that his claims are moot. (ECF 23).  Petitioner has not filed any objections to the R&R, and the time to do so has expired.  In the absence of any objections, the R&R is reviewed under the "plain error" standard.  *See Facyson v. Barnhart*, 2003 WL 22436274, at *2 (E.D. Pa. May 30, 2003).  Under this plain error standard of review, an R&R should only be rejected if the magistrate judge commits an error that was "(1) clear or obvious, (2) affect[ed] 'substantial rights,' and (3) seriously affected the fairness, integrity or public reputation of judicial proceedings." *Leyva v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007) (internal quotations and citations omitted).

(2) Petitioner's petition for a writ of *habeas corpus*, (ECF 2) is **DISMISSED**, without prejudice;

(3) No probable cause exists to issue a certificate of appealability;[2] and

(4) The Clerk of Court is directed to mark this matter **CLOSED**.

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

Here, after a thorough independent review of the record and the R&R, this Court finds that the Magistrate Judge correctly analyzed and concluded that Petitioner has failed to exhaust his state court remedies and that his claims are moot. As for the exhaustion issue, Petitioner entered a guilty plea and was immediately sentenced to two years of probation. There is no indication that Petitioner appealed any aspect of his proceedings to the Pennsylvania Superior Court or filed a Pennsylvania's Post-Conviction Relief Act petition. Further, Petitioner has offered no excuse for his failure to exhaust any remedy he may have had. As such, Petitioner's claims are unexhausted.

Additionally, Petitioner's petition for relief challenging *only* his pretrial detention is deemed moot because Petitioner pled guilty to the charges pending against him, was sentenced to probation, and released. When a *habeas* petitioner only challenges pretrial incarceration, as Petitioner does here, "he does not retain standing to challenge that pretrial incarceration unless he can demonstrate continuing collateral consequences sufficient to meet Article III's 'case or controversy' or 'injury' requirement." *Weikert v. Pechishen*, 2023 WL 3260556, at *2 (E.D. Pa. Mar. 9, 2023). "It is a petitioner's burden to demonstrate that collateral consequences exist to avoid having a case dismissed as moot." *DeFoy v. McCullough*, 393 F.3d 439, 442 n.3 (3d Cir. 2005). Petitioner has offered no such evidence, nor has he contended he suffered any collateral consequence and, therefore, has not met his burden.

Under these circumstances, this Court finds that the Magistrate Judge did not commit an error that was clear or obvious, affected Petitioner's substantial rights, or seriously affected the fairness, integrity or public reputation of judicial proceedings. Consequently, this Court agrees with the Magistrate Judge's recommendation, approves and adopts the R&R in its entirety, and dismisses the petition, without prejudice. No hearing on this matter is necessary.

[2] A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth in the R&R, this Court concludes that no probable cause exists to issue such a certificate in this action. Further, Petitioner has not made a substantial showing of the denial of any constitutional right, nor demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack*, 529 U.S. at 484. Under these circumstances, there is no basis for the issuance of a certificate of appealability.